UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

DENISE ROBINSON,

               Plaintiff,

-against-

WCI COMMUNITIES, INC.,

               Defendant.
------------------------------------------------------X

**10 CIV. 0078**

**COMPLAINT**

**JURY TRIAL DEMANDED**

**JUDGE KARAS**

## I.   PARTIES

1. Plaintiff Denise Robinson is a resident of Hopewell Junction, within this judicial district.

2. Defendant WCI Communities, Inc. is a corporation with its headquarters in Florida and which does business in the state of New York. Its principal business is in the development and sale of residential housing.  It may sue and be sued.

## II   JURISDICTION AND VENUE

3.  As plaintiff brings this action to enforce her rights under the Family Medical Leave Act (FMLA) and Fair Labor Standards Act (FLSA), this Honorable Court has subject matter jurisdiction pursuant to 29 U.S.C. § 2601 et seq., and 29 U.S.C. § 216.

4.  As the State law claim arises from the same nucleus of operative facts as the Federal claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.  As the events giving rise to this action arose in Dutchess County, within this judicial district, this case is properly venued in the Southern District of New York.

### III    FACTUAL AVERMENTS

6. In January 2006, plaintiff commenced full-time employment with defendant as a Sales Administrator at its office in Hopewell Junction, New York.  In this position, plaintiff served as an administrative assistant to defendant's sales staff at defendant's Hopewell Junction location, including by answering the telephone, completing paperwork and other clerical functions related to the sales of residential units.

7. In August 2009, plaintiff was diagnosed with breast cancer.  At that time, she advised her Regional Sales Manager, Kevin Kelly, of her diagnosis and that she might need to take some time off due to her condition.

8. In late September 2009, after she underwent medical testing, plaintiff was advised that she needed surgery to treat her breast cancer.  Plaintiff advised defendant's human resources coordinator, Donna Campbell of her need for medical leave, and Campbell directed plaintiff to request Family and Medical Leave Act ("FMLA") leave.

9. Plaintiff promptly completed paperwork to take Family and Medical leave and submitted same to defendant.  Her leave, commencing on October 20, 2009, was approved.  Her initial request, based on her doctor's prognosis, was for four to six weeks of leave.

10. Following surgery, plaintiff's doctor advised plaintiff that she needed to take additional leave.  On or about December 2, 2009, plaintiff timely submitted paperwork to defendant to extend her Family and Medical leave to February 1, 2010.  To her knowledge, plaintiff's request was approved.  Defendant never advised plaintiff that her request was not approved or was somehow deficient.

11. On or about December 8, 2009, plaintiff received a telephone call from her Project

Manager, Glen Moran, advising that defendant was terminating her employment and that he would be dropping off a Separation Agreement.

12.   Thereafter, plaintiff was presented with a memorandum, dated December 15, 2009, from Paul Appolonia, identified as a Senior Vice President of Human Resources of defendant.

13.   The memorandum stated that plaintiff's position was being eliminated effective December 15, 2009 and thus plaintiff's employment was being terminated.

14.   In fact, plaintiff's position, including her duties and functions, was performed by another employee in her absence and has not been eliminated.

15.   Attached to the cover memo from Appolonia was a "Separation Settlement Agreement."

16.   Through that proposed Agreement, defendant offered to pay plaintiff three weeks of additional salary and two months of COBRA in exchange for a release of all claims against defendant.

17.   The Agreement is mis-dated as "presented on this 15th day of November, 2009" and advised plaintiff that she had 45 (forty-five) days in which to accept the agreement (per the Older Workers Benefits Protection Act, OWBPA).  As the agreement was back-dated by 30 days, defendant was not in compliance with OWBPA.

18.   Although the December 15 cover memo from Appolonia stated that, per the ADEA, defendant was attaching lists of purportedly affected employees with their ages and positions, no such lists were attached or provided to plaintiff.

19.   Plaintiff did not accept the severance agreement or otherwise release any claim against defendant.

3

20.  Plaintiff's breast cancer is a "physical . . . or medical impairment" (i.e., a disability) within the ambit of the New York Human Rights Law (NYHRL), N.Y. Exec. Law §292(21), and a "serious health condition" within the ambit of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq.

21.  Plaintiff's termination has caused, and will continue to cause, her to suffer severe financial hardship, including lost pay and benefits, and has damaged, and will continue to damage, plaintiff emotionally and physically.

22.  From the outset of her employment with defendant in 2006, plaintiff regularly worked over forty hours per week.  Until in or about February 2009, she was paid overtime for such work at time and a half of her regular hourly rate.

23.  In or about February 2009, plaintiff was advised that she would no longer be compensated for hours worked beyond forty per week.  Thereafter, with the knowledge of her employer, plaintiff continued to work over forty hours per week, but she was not compensated for this time.

24.  From February 2009 until her medical leave in October 2009, plaintiff worked one hundred hours of overtime above forty hours per week for defendant without compensation.

25.  Defendant's failure to pay plaintiff overtime, despite her non-exemption from the overtime requirements of the federal Fair Labor Standards Act ("FLSA") and New York Department of Labor regulations (12 NYCCR § 142-2.2), was willful.

**IV. CAUSES OF ACTION**

22.  By terminating plaintiff while she was out on qualified medical leave, defendant willfully violated plaintiff's rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§

4

2601, et seq..

23.  By failing to reasonably accommodate plaintiff's need for medical leave due to her breast cancer, defendant violated plaintiff's rights under the NYHRL, N.Y. Executive Law § 296(3)(a).

24.  By terminating plaintiff because of her cancer and her attendant need for medical leave, defendant has willfully violated the FMLA and NYHRL.

25.  By willfully failing to pay plaintiff overtime for hours worked in excess of forty per week, from in or about February 2009 to October 20, 2009, defendant willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and New York Department of Labor Regulations, 12 NYCCR § 142-2.2.

WHEREFORE, plaintiff prays that this Honorable Court:

a.      accept jurisdiction over this matter;

b.      empanel a jury to fairly hear and decide this matter;

c.      award to plaintiff economic and non-economic compensatory damages caused by the unlawful actions described above;

d.      award plaintiff liquidated damages based on defendant's willful violations of the FMLA and FLSA.

e.      order plaintiff's reinstatement or award her front pay;

f.      award to plaintiff reasonable attorneys' fees and costs; and

g. order such other relief deemed just and proper.

5

Dated: January 4, 2009
      Goshen, New York

S/: _____
      Christopher D. Watkins (CW 2240)
      SUSSMAN & WATKINS
      55 Main Street – P.O. Box 1005
      Goshen, NY 10924
      (845) 294-3991
      Attorneys for Plaintiff

6